**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHARLES M. BUTLER, III and CHOLE BUTLER,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>UNIFIED LIFE INSURANCE COMPANY, HEALTH PLANS INTERMEDIARIES HOLDINGS, LLC, D/B/A HEALTH INSURANCE INNOVATIONS, HEALTH INSURANCE INNOVATIONS, INC., ALLIED NATIONAL, INC., NATIONAL BROKERS OF AMERICA, INC., THE NATIONAL CONGRESS OF EMPLOYERS, INC., and DOES 1-10,<br><br>　　　　　Defendants. | **Cause No.** _____ |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION TO ENFORCE SUBPOENA**

Plaintiffs, Charles M. Butler III and Chole Butler, by and through undersigned counsel, hereby submit this memorandum of law in support of their motion to compel Defendant National Brokers of America, Inc. ("NBoA") to fully respond and produce all documents in response to Plaintiffs' subpoena directed to NBoA.

I.　　**RELEVANT FACTUAL BACKGROUND**

This case is a dispute about health insurance coverage. More specifically, it is a case about health insurance coverage that was promised to the Butlers, but which was later disclaimed at the time the Butlers needed it most – when Mr. Butler was fighting metastatic cancer. The case is pending in the United States District Court for the District of Montana, Billings Division, Cause No. CV-17-50-SPW-TJC. However, NBoA's corporate headquarters is located in Reading, Pennsylvania. Hence the necessity of this forum. See Fed. R. Civ. P. 45(d)(2)(B)(i).

As part of discovery, the Butlers served a subpoena under Fed. R. Civ. P. 45 for documents on NBoA, the Reading-based insurance broker that sold them the policy at issue (the "Subpoena"). (See Subpoena, attached as Ex. A.) NBoA has ignored the Subpoena, leaving the Butlers no option but seek help from the Court.

Through the Subpoena, the Butlers seek relevant documents, which NBoA has already admitted exist. At his deposition, William Corchado, a NBoA salesman with whom the Butlers dealt, testified that the Butlers' phone calls with NBoA personnel may be documented in recordings or other papers kept by the NBoA. In particular, Corchado testified as follows:

> Q.   And so would there be a recording of the conversation between Mr. Butler and the person who read that script to him?
>
> A.   There should be.
>
> Q.   And that would be something that NBoA would have?
>
> A.   Yeah. Correct.

(Corchado depo. 44:13-20.) It is precisely these records that the Butlers seek through the Subpoena.

The Butlers' have given NBoA <u>five</u> separate chances to voluntarily comply with the subpoena.

<u>First</u>, on June 25, 2018, the Butlers served an earlier version of the Subpoena on NBoA via its registered agent for service, in North Canton, Ohio. (See June 25, 2018 subpoena package, attached as Ex. B.) The Butlers knew that this was a good address at which to Serve NBoA because that was the address to which they served the notices of Mr. Corchado's deposition. (See Deposition Notices, attached as Ex. C.) Since Mr. Corchado appeared for his deposition, the Butlers knew that those notices were received by NBoA. That initial version of the Subpoena required NBoA to comply by sending documents to the offices of the Butlers' lead counsel, in Montana. (See <u>id</u>.)

- 3 -

Second, on June 28, 2018, the Butlers revised and re-served the Subpoena on NBoA, again via its registered agent in Ohio. (See June 28, 2018 subpoena package, attached as Ex. D.) But this time, to ease NBoA's burden, the Butlers revised the subpoena to allow NBoA to produce documents to a court reporter located in Reading, close to NBoA's headquarters. The Subpoena was served, via Federal Express, on NBoA's registered agent on July 2, 2018. (See id.) NBoA's response to the Subpoena was due on or before July 10, 2018. (See id.) NBoA failed to respond.

Third, on August 13, 2018, the Butlers re-served the Subpoena again on NBoA's registered agent. (See August 13, 2018 subpoena package, attached as Ex. E.) This time, however, the Butlers used a process server to make personal service of the Subpoena. The process server personally served NBoA, through its registered agent, on August 14, 2018. (See Proof of Service, attached as Ex. F.) NBoA had until August 21, 2018, to comply with the Subpoena. NBoA failed to do so.

Fourth, on October 25, 2018 – four months after the Butlers first served the Subpoena on NBoA – lead counsel for the Butlers called and wrote to Alan Redmond, NBoA's CEO, to give NBoA yet another chance to fulfill its discovery obligations. (See October 25, 2018 Letter, attached as Ex. G.) Specifically, the Butlers gave NBoA until November 5, 2018, to comply with the Subpoena. (See id.) Lead counsel sent the letter to NBoA's headquarters, in Reading – 2525 North 12th Street, Suite 390, Reading, PA 19605 – the address listed with the Pennsylvania Department of State. (See printout, attached as Ex. H.) The October 25, 2018 letter was returned because, evidently, Mr. Redmond moved NBoA's office without leaving a forwarding address. (See Ex. G.)

Fifth, and finally, on November 7, 2018, lead counsel for the Butlers again wrote to NBoA, this time directing the letter to its registered agent in Ohio (where the Butlers first served the Subpoena months ago).  (See November 7, 2018 Letter, attached here as Ex. I.)  The Butlers gave NBoA one last extension to respond, this time until November 15, 2018.  (See id.)  But November 15 came and went with no response by NBoA.

The Butlers served the Subpoena six months ago.  The Butlers gave NBoA every chance to comply with the Subpoena voluntarily.  NBoA has made clear that it has no intention of doing so.[1]  Accordingly, the Butlers must now impose upon the Court for assistance.

## II.     QUESTION PRESENTED

Should this Court order NBoA to produce the documents demanded in the Subpoena?

*Suggested answer:*     *Yes.*

## III.    ARGUMENT

As a result of NBoA's failure to comply, the Butlers have been left no choice but to seek the Court's assistance to compel NBoA's compliance with the Rules. The Subpoena was validly served on NBoA five times.  Yet NBoA has failed to respond.  NBoA – by its own admission – is in possession of documents that are of importance to this case and that are responsive to the Subpoena.  NBoA has had more than six months to comply with the Subpoena, yet it has done nothing.  There is no burden on NBoA sufficient to justify this delay.  To the contrary, the documents requested are few and kept by NBoA in the ordinary course of business, as its employee, William Corchado, testified at his deposition.  And the Butlers even arranged for NBoA to produce the documents to a court reporter located in the same town as NBoA's headquarters.  NBoA's failure to comply with the Subpoena is inexcusable.

---

[1]  This is not an isolated incident.  Mr. Redmond failed to appear for his scheduled deposition.  In fact, NBoA has failed to appear and defend itself in any capacity in this case.

It is appropriate for the Court to enter an order of compliance when a party fails and/or refuses to comply with a document subpoena, as NBoA has done here.  See Fed.R.Civ.P. 45(a)(1)(D) ("A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials."); Fed.R.Civ.P. 45(e)(1)(A) ("A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.); Fed.R.Civ.P. 45(g) ("The court for the district where compliance is required … may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."); Fed.R.Civ.P. 45, 2013 Note ("contempt sanctions may be applied to a person who disobeys a subpoena-related order, as well as one who fails entirely to obey a subpoena"; noting further that a court in civil litigation will normally "first order[] compliance with a subpoena" before holding a non-compliant party in contempt); Breeze v. Royal Indemnity Co., 202 F.R.D. 435 (E.D. Pa. 2001) (granting motion to compel compliance with document subpoena); Packer v. Hansen, 1999 WL 1038343 (E.D. Pa. 1999) (same; ordering production of documents requested in subpoena).

## IV.     CONCLUSION

The Butlers respectfully request that the Court grant their Motion and enter an order, in the form attached hereto, compelling NBoA to provide a complete production of documents in response to the Subpoena within ten (10) days.

> Respectfully submitted,
>
> /s/ Benjamin E. Gordon
> Benjamin E. Gordon (Pa. ID No. 311741)
> STRADLEY RONON STEVENS & YOUNG, LLP
> 2005 Market Street, Suite 2600
> Philadelphia, PA 19103

T: (215) 564-8000
F: (215) 564-8120
E: BGordon@Stradley.com

 - and -

John Morrison, Esq. (*of counsel*)
MORRISON SHERWOOD
WILSON DEOLA PLLP
401 North Last Chance Gulch, P.O. Box 557
Helena, Montana 59624
T: (406) 442-3261
F: (406) 443-7294
E: john@mswdlaw.com

*Attorneys for Plaintiffs,*
*Charles M. Butler, III and Chole Butler*

Dated:  January 7, 2019